| | |
|---|---|
| **WO** | SC |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Emmanuel Ferron, ) | No. CV 11-1201-PHX-GMS (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Department of Veterans Affairs, et al., ) | |
| Defendants. ) | |

Plaintiff John Emmanuel Ferron, who is confined in the Eloy Detention Center (EDC), a Corrections Corporation of America facility[1] in Eloy, Arizona, has filed a *pro se* Complaint and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 2.) The Court will dismiss the Complaint and this action for lack of subject matter jurisdiction.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. (Doc. 2.) This action was opened as a "prisoner" civil rights case and referred to the Court's staff for review pursuant to LR Civ. 72.1(b). A "prisoner" is statutorily defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated

---

[1] EDC holds immigration detainees pursuant to contract with the Bureau of Immigration and Customs Enforcement (ICE). See http://www.cca.com/facility/eloy-detention-center (Last visited July 5, 2011).

delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h). That is, a "prisoner" is a person who is "currently detained as a result of accusation, conviction, or sentence for a *criminal* offense." Agyeman v. INS, 296 F.3d 871, 885, 886 (9th Cir. 2002) (citing Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir. 2000)). An alien pending deportation proceedings, which are civil rather than criminal in nature, is not a "prisoner," so long as the alien is not also facing criminal charges. Id. at 885-87.

At the time Plaintiff commenced this action, he was in the custody of Immigration and Customs Enforcement (ICE) as an immigration detainee and not in connection with pending criminal proceedings.[2] Plaintiff is not, therefore, a "prisoner" within the meaning of 28 U.S.C. §§ 1915(a)(2), 1915A, or 42 U.S.C. § 1997e, and he is not subject to the incremental fee payment requirement of § 1915(a)(2). Plaintiff otherwise qualifies to proceed *in forma pauperis*. Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a).

## II.     Statutory Screening of *In Forma Pauperis* Complaints

The Court is required to screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

---

[2] On March 26, 2009, Plaintiff was sentenced to 39 months in prison followed by three years on supervised release after he pleaded guilty to multiple counts of social security fraud, identity theft, and aggravated identity theft in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. §§ 102(a)(7) and 1028A(a) in the District Court for the District of Alaska. See United States v. Ferron, No. CR07-0142-JWS, doc. 50 (D. AK Mar. 26, 2009). Plaintiff was released from prison in September 2010 to ICE custody on September 27, 2010. Id., doc. 74 at 4, ex. 3.

- 2 -

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Because this Court lacks subject matter jurisdiction, Plaintiff's Complaint will be dismissed without leave to amend and this case will be dismissed.

**III.   Complaint**

Plaintiff alleges two counts concerning the termination of veteran benefits by the U.S.

Department of Veterans Affairs (DVA). Plaintiff sues the DVA; the Secretary of the DVA; Teri McArtor, a Service Center Manager at the DVA Office in Seattle, Washington; and Monty E. Stokes, a Seattle Resident Agent of the "O.I.G."[3] at the Seattle DVA Office. Plaintiff seeks reinstatement of benefits retroactive to the date of termination.

Plaintiff indicates that his veteran benefits were terminated prior to his arrest and prosecution discussed above. In Count I, he alleges that Defendant Stokes sent a letter to the Department of the Navy informing it that Plaintiff had stolen the identity of Clyde Anthony Steele and joined the Navy using that identity, which constituted fraud pursuant to 38 C.F.R. 3.901.[4] Plaintiff contends that Stokes' letter was untrue and that Stokes wrongfully provided

---

[3] Plaintiff apparently refers to the Health & Human Services Office of the Inspector General, which investigates health care fraud. See http://www.oig.hhs.gov/about-oig/about-us/index.asp (Last visited July 6, 2011).

[4] Section 3.901(a) defines "fraud" as:

> An act committed when a person knowingly makes or causes to be made or conspires, combines, aids, or assists in, agrees to, arranges for, or in any way procures the making or presentation of a false or fraudulent affidavit, declaration, certificate, statement, voucher, or paper, *concerning any claim for benefits* under any of the laws administered by the Department of Veterans Affairs (except laws relating to insurance benefits).

(Emphasis added). Plaintiff contends that he did commit fraud concerning any claim for benefits. However, 38 C.F.R. § 3.14(b) provides that:

> Where an enlistment is voided by the service department because the person did not have legal capacity to contract for a reason other than minority (as in the case of an insane person) or because the enlistment was prohibited by statute (a deserter or person convicted of a felony), benefits may not be paid based on that service even though a disability was incurred during such service. *An undesirable discharge by reason of the fraudulent enlistment voids the enlistment from the beginning.*

(Emphasis added). See Rucker v. Secretary of the Army, 702 F.2d 966 (11th Cir. 1983) (enlistment under an assumed name was fraudulent); Haines v. United States, 453 F.2d 233 (3d Cir. 1971) (failure to disclose juvenile record basis for court martial for fraudulent enlistment).

1 that information to the Navy, which resulted in the termination of benefits to him. In Ground
2 Two, Plaintiff alleges that his veteran benefits were terminated without "any notification,"
3 which he appealed, and that his letters concerning the appeal were ignored.

**IV.     Lack of Jurisdiction**

Plaintiff seeks relief with respect to the termination of veteran benefits. DVA decisions affecting veteran benefits are subject to a specific process of judicial and appellate review. In general, to challenge the denial or termination of benefits, a veteran must file a claim with the regional office, or agency of original jurisdiction, within the DVA. If dissatisfied with the resolution of his claim, the claimant may then appeal that decision to the Board of Veterans' Appeals (BVA). 38 U.S.C. §§ 7104(a) & 7105(d). If dissatisfied after review by the BVA, the veteran can then appeal the decision to the United States Court of Appeals for Veterans Claims (CAVC). 38 U.S.C. §§ 7252 & 7261. The CAVC has "exclusive jurisdiction to review decisions of the [BVA,]" and it has authority to "affirm, modify, or reverse a decision of the [BVA] or to remand the matter, as appropriate." 38 U.S.C. § 7252(a). In turn, a decision of the CAVC is subject to appellate review as provided under 38 U.S.C. § 7292. 38 U.S.C. § 7252(c). Under § 7292, the United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction" to review decisions of the CAVC, 38 U.S.C. § 7292(c), and is vested with the "power to affirm or, [ ... ] to modify or reverse the decision of the [CAVC] or to remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1). Finally, a veteran can seek review of the final judgment of the Federal Circuit by seeking certiorari with the United States Supreme Court as provided in 28 U.S.C. § 1254. 38 U.S.C. § 7292(c).

Judicial review of DVA decisions concerning benefits are strictly limited to the appeal procedures outlined above. Except for circumstances not at issue here, the Secretary's decisions "shall be final and conclusive and may not be reviewed by any other official or by any court" under 38 U.S.C. § 511. Section 511 "precludes judicial review in Article III

courts of VA decisions affecting the provision of veterans' benefits[.]" Price v. United States, 228 F.3d 420, 421 (D.C. Cir. 2000).

Plaintiff claims that the DVA wrongfully terminated his benefits and that his attempts to appeal the termination, which he does not describe, were ignored. Because adjudication of Plaintiff's claims requires a determination whether the DVA acted properly in terminating his benefits, *this* Court lacks subject matter jurisdiction over Plaintiff's claims. 38 U.S.C. § 511; see Price, 228 F.3d at 421; Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1499 (2d Cir. 1992); Hicks v. Veterans Admin., 961 F.2d 1367, 1370 (8th Cir. 1992); see also Veterans for Common Sense v. Shinseki, No. 08-16728, 2011 WL 1770944, at *20-21, 29 (9th Cir. May 10, 2011) (finding suit brought by veterans organization seeking prospective additional or substitute procedural safeguards in connection with scheduling mental health care reviews fell outside the reach of § 511(a), unlike a claim brought by individual veteran for denial of VA benefits).

Because this Court lacks subject matter jurisdiction over Plaintiff's claims, the Complaint and this action will be dismissed without prejudice. See Price, 228 F.3d at 422; see also Broudy v. Mather, 460 F.3d 106, 115 (D.C. Cir. 2006). As discussed above, there is a process for seeking review of the termination of benefits by filing an appeal to the BVA. If dissatisfied with the ruling of the BVA, a claimant may appeal to the CAVC pursuant to 38 U.S.C. § 7252. If dissatisfied with the CAVC decision, the claimant may appeal to the United States Court of Appeals for the Federal Circuit pursuant to 38 U.S.C. § 7292. Finally, a claimant may seek certiorari if he is dissatisfied with the decision of the Federal Circuit.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) The Complaint (Doc. 1) and this action are **dismissed** without prejudice for lack of subject matter jurisdiction.

(3) The Clerk of Court must enter a judgment of dismissal without prejudice.

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

decision would not be taken in good faith.

DATED this 27th day of July, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge